## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRANDON MORRIS,                          *

Plaintiff,                               *

v.                                       *          Civil Action No. CCB-20-342

EXECUTIVE DIRECTOR F. TODD               *
  TAYLOR,
                                         *
Defendant.

                                          ***

### <u>MEMORANDUM OPINION</u>

Self-represented plaintiff Brandon Morris, currently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against defendant F. Todd Taylor, the Executive Director of the Inmate Grievance Office. ECF No. 1. Morris alleges a violation of his Eighth Amendment rights based on the conditions of his incarceration at NBCI in January 2020, and he seeks $4,000 in damages. *Id.* at 3, 6.

On July 20, 2020, the defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 9. Morris was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in dismissal of the Complaint. ECF No. 10. Morris filed nothing further.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the defendant's motion, construed as a motion to dismiss, will be granted.

### Background

Morris claims that on January 5, 2020, while on suicide watch at NBCI, he was placed in a holding cell instead of an observation cell. Complaint, ECF No. 1 at 3. According to Morris,

holding cells contain only a toilet, sink, and two benches, and are used to escort inmates in and out of the building.  *Id.*  They are not made to house inmates overnight because they have neither beds nor heating systems.  *Id.*  Therefore, on the night of January 5, 2020, Morris was forced to sleep on the floor.  *Id.*

While Morris was in the holding cell, correctional officers opened the door leading to the outdoor recreation area where it was 20 degrees and snowing.  *Id.*  Morris avers that the officers did this to cause him discomfort and that it caused him to shiver and cough.  *Id.*  On the morning of January 6, 2020, Morris was not given his meal.  *Id.*

On January 10, 2020, Morris was placed in another holding cell where he was "forced to sleep on the floor."  *Id.*  He remained in that cell until January 13, 2020, while doors leading outside were kept open all night to "cause extre[me] discomfort."  *Id.*  Morris also claims that he was not given any toilet paper during those three days.  *Id.* at 4.

On the evening of January 11, 2020, a correctional officer threw Morris's dinner at him, causing it to spill on the floor.  *Id.*  Morris was not given a replacement meal despite his requests. *Id.*  He claims that all these events violated his rights under the Eighth Amendment.  *Id.* at 3.

### Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

**Analysis**

Though the complaint is silent about whether defendant Taylor is sued in his official capacity, individual capacity, or both, the court presumes this action for damages—a remedy generally unavailable in suits against state officials in their official capacity—is one brought against the defendant in his individual capacity. *See Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995) (noting that when a plaintiff does not specifically allege capacity, the court should examine the nature of the plaintiff's claims and the relief sought to determine capacity).[1]

This action, which seeks to hold the defendant liable for the actions of other unnamed officers, must be dismissed for failure to allege personal participation. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the

---

[1] To the extent that Morris's complaint could be construed to seek relief against the defendant in his official capacity, the Eleventh Amendment bars his claim. Where, as here, a plaintiff seeks retroactive monetary relief against a state official acting in his official capacity as an officer of a state which has not waived state sovereign immunity and where Congress has not otherwise validly abrogated state sovereign immunity, the federal courts lack jurisdiction to hear the claim. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Morris has not alleged any personal participation by the defendant. Additionally, he has not shown that the correctional officers at NBCI acted under the direction of the defendant, who is the Executive Director of the Inmate Grievance Office. Nor has Morris demonstrated any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse"). Accordingly, Morris's claims against Taylor shall be dismissed.

## Conclusion

Defendant's Motion to Dismiss will be granted, and Morris's Complaint will be dismissed. A separate Order follows.

1/4/2021
Date

/s/
Catherine C. Blake
United States District Judge

4